# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40781
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 24, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE MIGUEL PEDRO-FERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-1520-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jorge Miguel Pedro-Fernandez appeals his jury conviction for one count of conspiring to transport undocumented aliens within the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (a)(1)(A)(v)(I), and (a)(1)(B)(i) and two counts of transporting undocumented aliens within the United States in violation of § 1324(a)(1)(A)(ii), (a)(1)(A)(v)(II), and (a)(1)(B)(i). Pedro-Fernandez argues that the magistrate judge abused his discretion during the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40781

voir dire when he denied Pedro-Fernandez's requests to play an excerpt from the movie, "My Cousin Vinny," and to present a Power Point presentation on the elements of the transportation offense with which he was charged.

We will not disturb the scope and content of voir dire unless abuse of discretion and prejudice are shown. *United States v. Cervantes*, 706 F.3d 603, 613 (5th Cir. 2013). Pedro-Fernandez has not made the requisite showing, as the magistrate judge's questions about the prospective jurors' ability to be impartial and follow the law on which the trial court would instruct them, together with Pedro-Fernandez's questions and comments, provided defense counsel ample opportunity to exercise a reasonably knowledgeable right of challenge to the prospective jurors. *See id.*; *see also United States v. Harper*, 527 F.3d 396, 409-10 (5th Cir. 2008).

Pedro-Fernandez also argues that counsel was ineffective for failing to perfect the record by proffering an exhibit that was ruled inadmissible. Because the record is not sufficiently developed, we will not adjudicate Pedro-Fernandez's ineffective assistance of counsel claim. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014); *United States v. McPhail*, No. 92-7559, 1994 WL 121700, at *3 (5th Cir. March 22, 1994) (unpublished).

AFFIRMED.